LAWRENCE, Appellant,

v.

LORAIN COUNTY COMMUNITY COLLEGE, Appellee.

[Cite as *Lawrence v. Lorain Cty. Community College* (1998), 127 Ohio App.3d 546.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 97CA006754.

Decided May 13, 1998.

*James L. Major,* for appellant.

*John L. Keyse–Walker,* for appellee.

REECE, Judge.

Appellant James F. Lawrence appeals from the judgment of the Lorain County Court of Common Pleas dismissing his complaint against appellee Lorain County Community College ("the College"). We affirm.

In 1993, Lawrence enrolled at the College, seeking to obtain a nursing degree. He failed to graduate with such a degree. On January 2, 1997, Lawrence filed a complaint against the College in the Lorain County Court of Common Pleas. The complaint alleged the following: (1) the College breached its contract with him, rendering him unable to graduate with the degree he sought; (2) the College breached its duty of good faith and fair dealing; and (3) the College violated the Ohio Consumer Sales Practices Act. The College moved to dismiss the complaint for failure to state a claim upon which relief could be granted, pursuant to Civ.R. 12(B)(6). The trial court granted the motion by journal entry dated March 20, 1998, finding that the entire complaint alleged educational malpractice and served as "an attempt to circumvent the fact that educational malpractice is not a recognized cause of action in Ohio or anywhere else in the United States." Lawrence timely appealed the trial court's judgment.

In his sole assignment of error, Lawrence alleges that the trial court erred when it dismissed his complaint for failure to state a claim upon which relief could be granted. We find the assignment of error lacks merit.

We review *de novo* the dismissal of a complaint pursuant to Civ.R. 12(B)(6). *Mitchell v. Speedy Car X, Inc.* (1998), 127 Ohio App.3d 229, 231, 712 N.E.2d 768, 769, citing *Hunt v. Marksman Prod., Div. of S/R Industries, Inc.* (1995), 101 Ohio App.3d 760, 762, 656 N.E.2d 726, 727–728. "In order to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that [the plaintiff] can prove no set of facts warranting relief[.]" *State ex rel. Hunter v. Summit Cty. Human Resource Comm.* (1998), 81 Ohio St.3d 450, 451, 692 N.E.2d 185, 186. In construing the complaint, all factual allegations must be presumed as true and all reasonable inferences must be made in favor of the plaintiff. *Cashion v. Segal* (May 15, 1996), Summit App. No. 17411, unreported, at 7, 1996 WL 255980, citing *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 755–756.

In the first count of his complaint, Lawrence alleges a breach of contract claim. Lawrence maintains that, upon payment of tuition, the College gave him a catalog of course offerings and academic policies. He alleges that this catalog constituted a contract under which the College was to provide him a degree as a registered nurse. He then asserts that the College breached its contract with him "by providing substandard education, guidance and supervision[.]"

The elements of a breach of contract claim are summarized as follows:

"[A] breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the nonbreaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the nonbreaching party suffered damages as a result of the breach." *Garofalo v. Chicago Title Ins. Co.* (1995), 104 Ohio App.3d 95, 108, 661 N.E.2d 218, 226.

Even assuming all facts alleged by Lawrence to be true, he fails to allege a claim for breach of contract. Lawrence makes no claim that the College failed to provide any of the offerings in the course catalog; instead, he argues that the educational services provided to him by the College were *substandard*. A claim that educational services provided were inadequate constitutes a claim for "educational malpractice." See *Matulin v. Academy of Court Reporting* (Apr. 8, 1992), Summit App. No. 14947, unreported, at 10, 1992 WL 74210. Ohio does not recognize educational malpractice claims for public policy reasons. See *id.;* *Malone v. Academy of Court Reporting* (1990), 64 Ohio App.3d 588, 593, 582 N.E.2d 54, 58.

The second count of Lawrence's complaint makes a claim for "breach of duty of good faith and fair dealing." Lawrence argues that the College provided him with *substandard* education, guidance, and supervision, thereby breaching its duty to deal with him fairly and in good faith. Again, we find that Lawrence's second count in reality presents a claim for educational malpractice. In the third and final count of his complaint, Lawrence maintains that the College violated the Ohio Consumer Sales Practice Act, R.C. Chapter 1345, when it provided him with *substandard* educational services. We find that this allegation also serves as an educational malpractice claim in disguise. None of the counts in Lawrence's complaint presents a claim for which a court in the state of Ohio may offer relief.

The trial court properly characterized Lawrence's claims as masking allegations of educational malpractice, which is barred as a cause of action in this state. Thus, we find that the trial court properly dismissed his complaint pursuant to Civ.R. 12(B)(6). Accordingly, Lawrence's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and DICKINSON, J., concur.