OPINION
This case arises from the judgment of the Mahoning County Common Pleas Court granting Appellee's Motion for Summary Judgment in a contract action in which Appellants failed to pay for a 1996 GMC Suburban automobile. Appellants argue that genuine issues of material fact remained before the trial court and that summary judgment was not appropriate. For the following reasons, we affirm the judgment of the trial court.
This matter has had a long and somewhat confusing procedural history. In July, 1995, Appellants, Jerome Hayes and Louise A. Hayes, ordered a 1996 GMC Suburban (the vehicle) from Appellee, Youngstown Buick. Delivery was expected in May 1996, but the vehicle arrived at Appellee's lot in February, 1996. Appellants took possession of the vehicle in March, 1996, and left their 1995 GMC Suburban with Appellee to be sold, but not as a trade-in vehicle. On May 21, 1996, both Appellants signed a purchase agreement to buy the 1996 Suburban for $35,729.55. The contract did not provide a trade-in allowance or other credit. Sometime after signing the purchase agreement for the new vehicle, Appellants retrieved their 1995 Suburban from Appellee's dealership. Appellants received a memorandum of title in the mail for the 1996 Suburban and they had the title transferred to themselves. The title was later deposited with the clerk of courts and is part of the record on appeal.
Seven Seventeen Credit Union was to finance Appellants' purchase of the vehicle and is listed on the title as the first lienholder. According to the title, the lien was cancelled on August 19, 1998. The record is unclear as to whether Appellants ever obtained financing through Seven Seventeen Credit Union. Regardless, the record is clear that Appellants have not paid the contract price nor any other amount to Appellee for the vehicle.
On August 23, 1996, Appellee filed a complaint for breach of contract. On November 19, 1996, Appellants filed an answer containing a counterclaim alleging a violation of R.C. § 4505.06, a vehicle registration statute, and alleging defamation. On September 5, 1996, Appellants posted a $34,000 cash bond as security for the 1996 Suburban which remained in their possession. On November 22, 1996, Appellee amended its complaint to add Seven Seventeen Credit Union as a party defendant. On December 24, 1996, Appellee filed its answer to Appellants' counterclaim. On January 28, 1997, Seven Seventeen Credit Union filed its answer to the amended complaint. On February 27, 1997 Appellants filed an amended answer, which retained the counterclaims previously filed.
On June 19, 1998, Appellee filed a motion seeking summary judgment on the breach of contract claim or, in the alternative, for unjust enrichment. Appellee attached portions of the deposition testimony of Appellants and an affidavit by David H. Sweeney, Appellee's Vice President. Appellants filed a response to the motion for summary judgment and attached an affidavit by Jerome Hayes. On August 12, 1998, the trial court granted Appellee's Motion for Summary Judgment but did not specify its reasoning or how Seven Seventeen Credit Union was affected by the judgment.
On August 19, 1998, Appellants timely filed their notice of appeal of the August 12, 1998 Judgment Entry. Also on August 19, 1998, Appellants filed a Notice of Voluntary Dismissal of their counterclaim against Appellee. On August 26, 1998, the trial court filed a Judgment Entry staying execution of judgment conditioned on Appellants' continuing to leave their $34,000 cash bond on deposit with the court, rescinding an August 14, 1998 order which would have allowed Appellee to withdraw the bond. Certain later motions were filed regarding bond, not relevant to this appeal. On September 9, 1998, Appellee filed a Notice of Voluntary Dismissal of its claim against Seven Seventeen Credit Union, which the trial court granted on September 17, 1999. Consequently, Seven Seventeen Credit Union is not a party to this appeal.
On February 16, 1999, Appellants filed with this Court a Motion to Establish Briefing Schedule, in which they raised the question as to whether the August 12th entry was a final appealable order. Appellants argued that the decision to grant summary judgment did not specify a monetary amount to be awarded and did not address its effect upon Seven Seventeen Credit Union. After raising these issues, Appellants filed their brief on the merits on March 24, 1999. On April 5, 1999, this Court granted the parties thirty days to have the August 12, 1998, trial court order amended so that it either resolved all outstanding claims against all parties or contained the language required by Civ.R. 54(B) making the order final and appealable.
On May 14, 1999, the trial court filed a Judgment Entry Nunc Pro Tunc entering judgment against, "Defendants jointly and severally for $35,729.55," effective August 12, 1998. The judgment entry also ordered the dismissal of Appellants' counterclaim. On June 15, 1999, Appellants untimely filed a notice of appeal of that Judgment Entry, docketed as Appeal No. 99 CA 151. That same day, this Court filed a Journal Entry stating that oral argument had been waived because Appellee had not filed a timely brief and Appellants had not filed a written request for oral argument.
Seven days later, Appellee filed a Motion to Consolidate Briefing Schedule which argued that there had been no appealable order in the matter until the order of May 14, 1999. Appellee argued that Appeal Nos. 98 CA 159 and 99 CA 151 should be consolidated and that Appellee should have the time allowed by the appellate rules to file a brief in Appeal No. 99 CA 151.
On July 12, 1999, Appellants filed a Memorandum in Opposition to Appellee's Motion to Consolidate wherein they argued that the appeals should be dismissed as moot. They stated that the trial court's May 14, 1999 nunc pro tunc order was effective as of August 12, 1998, while defendant Seven Seventeen Credit Union was still a party to the action. As the nunc pro tunc entry was against, "Defendants jointly and severally," Appellants concluded that the dismissal of the credit union constituted a satisfaction of judgment, releasing Appellants from further liability in this action.
Days later, Appellee filed a response to Appellants' Memorandum in Opposition. Appellee argued that Appellants were mistaken about the effect of the dismissal of Seven Seventeen from the lawsuit on Appellants' liability. Appellee stressed that Seven Seventeen Credit Union was dismissed without prejudice and that there was no satisfaction of judgment. On July 14, 1999, Appellants filed a further response to the motion to consolidate appeals wherein they attempted to introduce new facts on appeal as to the existence of an oral settlement agreement between Appellee and Seven Seventeen Credit Union.
This Court dismissed Appellee's motion to consolidate as moot and overruled Appellants' motions to dismiss. On August 17, 1999, we sua sponte ordered Appeal No. 99 CA 151 dismissed and its record consolidated with Appeal No. 98 CA 159 for the reason that although Appellants did not timely appeal the trial court's May 14, 1999 order, a second notice of appeal was unnecessary because that order arose out of a directive from this Court in Appeal No. 98 CA 159.
On October 26, 1999, Appellants filed what they styled as a Reply in Support of Brief, even though Appellee had not yet filed its responsive brief. This reply was actually a motion for this court to exercise its discretion pursuant to App.R. 18(C) to accept as true Appellants' statement of the facts and reverse the trial court's grant of summary judgment because Appellee had not timely filed a brief. However, on November 2, 1999, Appellee filed a Motion for Leave to File Brief Instanter, once again explaining that it was not clear if Appellants were required to file a new brief after Appeal No. 99 CA 151 was dismissed, or whether they would be resting on the brief filed prior to the existence of the nunc pro tunc order. We sustained Appellee's motion on November 4, 1999.
On November 22, 1999, Appellants filed a second reply brief which reiterated the arguments in their original brief. Both of Appellants' reply briefs contain what appears to be a motion to bar Appellee from appearing at oral argument due to failure to timely file its brief. However, pursuant to Local Rule V, this court has discretion to order oral argument in any case. This court subsequently heard oral arguments from both parties.
Appellants' first assignment of error states:
 "THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHERE THERE ARE GENUINE ISSUES AS TO MATERIAL FACTS REGARDING APPELLEE'S BREACH OF CONTRACT CLAIM."
Appellants argue that genuine issues of material fact remained to be resolved and therefore summary judgment was not proper. Appellants point to the affidavit attached to their motion in opposition to summary judgment where Jerome Hayes alleges that there was no final agreement to purchase the vehicle and that the agreement was to wait until Appellants sold their 1995 Suburban. Appellants further state that there are discrepancies in Appellee's version of the facts as Appellee stated in its amended complaint that a purchase agreement was entered into on May 15, 1996 while the purchase agreement attached to its motion for summary judgment was dated May 21, 1996. Furthermore, Appellants contend that as the purchase agreement was not complete, a space indicating "balance due" was left blank, it is evident that a purchase price had not been agreed upon.
Appellee responds that in their depositions, Appellants acknowledged signing a purchase agreement for the vehicle and that they took and retained possession of it without paying for it. Appellee also argues that the affidavit of Jerome Hayes was justifiably discounted by the trial court as it contradicted his deposition testimony. Based on the record before us, Appellants' arguments on this issue lack merit.
When reviewing a motion for summary judgment, an appellate court must review the judgment independently with no deference given to the trial court's decision. Bell v. Horton (1996), 113 Ohio App.3d 363, 365.
Civ.R. 56(C) states in part:
 "* * * Summary Judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor * * *"
In addition, summary judgment under Civ.R. 56 is proper where:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds could come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."
 Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344,346 quoting Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
"[M]aterial facts are determined by substantive law, and only disputes over facts that might affect outcome of a suit under governing law will properly preclude summary judgment; irrelevant and unnecessary factual disputes will not preclude summary judgment." Wall v. FirelandsRadiology, Inc. (1995), 106 Ohio App.3d 313, 322 citing Anderson v.Liberty Lobby, Inc. (1986), 477 U.S. 242,247-248; Perez v. Scripps-HowardBroadcasting Co. (1988), 35 Ohio St.3d 215, 218-219. "In determining whether a `genuine issue' exists, a court must inquire `whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Wall v. Firelands Radiology, Inc., 322, citing Andersonv. Liberty Lobby, Inc., 251-252; Turner v. Turner (1993),67 Ohio St.3d 337, 340.
Turning to the substantive law relevant to the present matter, it is well established that, "[a] breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the nonbreaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the nonbreaching party suffered damages as a result of the breach."Lawrence v. Lorain Cty. Community College (1998), 127 Ohio App.3d 546, 127; Garofolo v. Chicago Title Ins. Co. (1995), 104 Ohio App.3d 95, 108.
"An enforceable contract may be created where there is an offer by one side, acceptance on the part of the other, and a meeting of the minds as to the essential terms of the agreement." McCarthy, Lebit, Crystal Haiman Co., L.P.A. v. First Union Mgt., Inc. (1993), 87 Ohio App.3d 613,620. "An essential element needed to form a contract is that the parties must have distinct and common intention which is communicated by each party to the other." Id. citing Noroski v. Fallet (1982), 2 Ohio St.3d 77. "If the minds of the parties have not met, no contract is formed."McCarthy, Lebit, Crystal Haiman Co., L.P.A. v. First Union Mgt., Inc., 620 citing Noroski v. Fallet, 79. A contract is binding and enforceable if it encompasses the essential terms of the agreement; minor terms left unresolved do not negate an agreement if the essential terms are incorporated. McCarthy, Lebit, Crystal Haiman Co., L.P.A. v. FirstUnion Mgt., Inc., 620. Mutual assent to the terms of a contract need not be made in writing, it may be shown through the actions of the parties.Ford v. Tandy Transp., Inc., (1993), 86 Ohio App.3d 364, 380. "The manifestation of assent by the offeree constitutes the acceptance." Id.
In the matter before us, Appellee supported its motion for summary judgment with a copy of a purchase agreement signed by both Appellants and dated May 21, 1996. The agreement stated the vehicle identification number (3GKGK26F3TG506197), a purchase price of $33,662.97, document fees of $30.00, sales tax in the amount of $2,021.58 and title fees of $15.00 for a total price of $35,729.55. Appellee also attached the affidavit of its vice-president, David H. Sweeney, who stated that Appellants entered into a purchase agreement for the vehicle bearing the vehicle identification number stated above and that the agreement was predicated on their promise to pay the purchase price. Sweeney further stated that despite numerous requests for the return of the vehicle or for payment of the purchase price, Appellants have not paid for the vehicle.
Appellee also cited to the depositions of both Appellants which were filed with the trial court. Appellee notes that Jerome Hayes admitted he took delivery of the vehicle and obtained a memorandum of title and that he was to obtain financing through Seven Seventeen Credit Union. (Deposition of Jerome Hayes pp. 18-19.) By itself, this evidence would establish conclusively that Appellee is entitled as a matter of law to judgment on the contract, unless Appellants can somehow refute this evidence.
In response, Appellants attached the affidavit of Jerome Hayes and claim that there was a genuine issue of material fact as to whether there was a meeting of the minds between the parties regarding the terms of the contract. Based on this affidavit, Appellants' contend that the parties had an oral understanding that there was to be no final purchase agreement until the 1995 Suburban was sold. As it was never sold, Appellants argue that the purchase of the new vehicle was never consummated. Appellants also argue that material facts were in dispute as the "balance due" section of the purchase agreement was left blank. They claim that this shows that a purchase price for the vehicle had not been finalized. Appellants further contend that the purchase of the vehicle could not be consummated merely by the "unexpected" delivery of the memorandum of title. Moreover, Appellants allege that a factual discrepancy is evident in Appellee's allegation in the complaint that a contract was signed on May 15, 1996, while the actual contract in the record is dated May 21, 1996.
Even construing the allegations in Mr. Hayes' affidavit in favor of Appellants, we cannot find a genuine dispute of material fact. The most troubling of these contentions is the first, that Appellants' claim that the parties had an understanding that the sale of the vehicle was not to become final until after the sale of the 1995 Suburban. This contention is fatally flawed, however, the sales contract which Appellants freely admit that they signed contains an integration clause which conspicuously states that, "[t]he front and back of this [document] comprise the entire agreement affecting this purchase and no other agreement or understanding of any nature concerning same has been made or entered into, or will be recognized." Thus, their argument that some oral understanding outside of the agreement was formed is doomed by their actions in signing this clear written agreement.
Next, Appellants' contention that since the form contained no writing on the area labeled, "balance due," this is somehow evidence that there was no agreed upon purchase price is not persuasive. As we stated earlier, minor terms left unresolved do no vitiate an agreement if the essential terms are incorporated into the agreement. McCarthy, Lebit,Crystal Haiman Co., L.P.A. v. First Union Mgt., Inc., supra, 620. The agreement here incorporates all the essential terms of this contract, namely the purchase price and identification of the vehicle. Therefore, the absence of a number on the line marked "balance due" is immaterial since it would simply be a restatement of information already contained in the document.
Appellants next contend that the unexpected delivery to them of a memorandum of title cannot be considered as a consummation of the transaction to purchase the vehicle. We agree that this fact, alone, is not dispositive of the issue. Appellants fail to note, however, that there was more than a delivery of a memorandum of title on the record here. In addition to the evidence already discussed, Appellants, as evidenced by their deposition testimony, not only took possession of the vehicle but registered the vehicle to themselves with the State of Ohio upon receiving the memorandum of title. Jerome Hayes testified that he registered the vehicle, "[a]fter I had received the certificate of title. I couldn't register it until I had some type of certificate or memorandum of title." (Deposition of Jerome Hayes, 18.)
Furthermore, Appellant's allegation that a dispute of material fact exists with respect to when the agreement was signed is not well taken. According to Appellee's Amended Complaint, a purchase agreement was reached "on or about" May 15, 1996. Even though the date stated in the amended complaint is not exactly the same date which appears on the purchase agreement, the discrepancy is not material and will not affect the outcome of the matter. The use of the qualified time frame "on or about" is accepted pleading practice and provides a defendant with sufficient notice of the subject of the complaint.
We must note one issue which Appellants failed to raise either in their motion in opposition to summary judgment or on appeal. Our thorough reading of the record reveals that both Appellants indicated in their depositions that when they signed the purchase agreement, the document was blank. (Deposition of Jerome Hayes p. 47.; Deposition of Louise Hayes p. 13.) This raises the issue whether there was an acceptance of Appellee's offer to sell the vehicle, as the signatures here would have preceded the stated terms of the agreement. However, this does not change the outcome here, as acceptance of an offer and mutual assent to the terms of a contract may be manifested by the actions of the parties. Fordv. Tandy Transp., Inc., supra, 380. Manifestation of assent to the terms is obvious in Appellants taking possession of the vehicle, retaining possession of it and their registration of the vehicle upon receipt of the memorandum of title as we demonstrated earlier. The delivery of the memorandum of title is sufficient to constitute an offer followed by Appellants' acceptance by registration. The memorandum of title clearly stated a purchase price consistent with the purchase agreement.
In summary, Appellants have not demonstrated that there are material facts in dispute that might affect the outcome of litigation. Appellee presented the trial court with a contract of the sale/purchase of the vehicle which contained essential terms for the purchase. Moreover, Appellants manifested their assent to those terms and demonstrated a meeting of the minds not only by signing the agreement, but also by taking possession of the vehicle, registering it in their names and obtaining license plates for it. Furthermore, it is not contested that Appellants have not paid for the vehicle in breach of the purchase agreement. It is unreasonable to believe that Appellants were under the impression that they were being "gifted" with possession of and title to a new automobile for which they did not have to pay or begin making payments. Further, Mr. Hayes' claim that a contract for sale of the new vehicle was not to be finalized until Appellants sold their old vehicle is contradictory to Appellants' own actions.
Based on the record before us, reasonable minds could not conclude in Appellants' favor. We therefore find no merit in Appellants' first assignment of error.
Appellants' second assignment of error states:
 "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY (SIC) BECAUSE APPELLEE'S AMENDED COMPLAINT FAILED TO STATE A CLAIM FOR UNJUST ENRICHMENT."
Appellants argue that to state a claim for unjust enrichment, it is essential to allege that retention of a benefit without payment by the defendant is unjust under the circumstances. Appellants state that the Appellee's amended complaint failed to allege that Appellants' retention of the vehicle would be unjust under the circumstances. Appellants argue in the alternative that, assuming that Appellee properly stated a complaint for unjust enrichment, a plaintiff seeking relief under a contract cannot also seek equitable relief for unjust enrichment.
This assignment of error also lacks merit, as the issue is rendered moot by our de novo determination that summary judgment was proper on the contractual claim. App.R. 12(A)(1)(c). However, we note that Civ.R. 8(A) requires only that a pleading contain a short and plain statement of the circumstances entitling the party to relief and that a party is not required to plead the legal theory of recovery. Illinois Controls, Inc.v. Langham (1994), 70 Ohio St.3d 512, 525-526. The record reflects that Appellee's amended complaint was sufficient to support a cause of action for unjust enrichment.
Moreover, Appellants are confused regarding alternative relief for unjust enrichment when relief is primarily sought on a contractual basis. Appellants' position presumes the existence of a valid enforceable contract governing consideration between the parties. A plaintiff may not recover under a theory of unjust enrichment where he has received from another party that which was promised by the parties' agreement. KraftConstr. Co. v. Cuyahoga Cty. Bd. of Commrs. (1998), 128 Ohio App.3d 33,55. It follows that a claim for unjust enrichment lies where there is no contract between the parties. In the present case, had there been no contract clearly formed by the parties and apparent on the record, we would then proceed to determine the propriety of the summary judgment in the context of unjust enrichment. As this was not the case, we hold that Appellants' second assignment of error lacks merit.
We note Appellants ongoing contention that Appellee's voluntary dismissal of Seven Seventeen Credit Union operates as a satisfaction of judgment. This argument is also unpersuasive. The record reflects no satisfaction of judgment by the dismissal of the credit union. It has long been the law in Ohio that, "[a] party who is entitled to an entry of an order of satisfaction of a judgment previously rendered against him may obtain an order for such entry on motion and proof of payment."Edwards v. Passarelli Bros. Automotive Services, Inc. (1966),8 Ohio St.2d 6, paragraph one of the syllabus. Neither Seven Seventeen Credit Union nor Appellants moved the trial court for an entry of satisfaction of judgment. Nor is there any evidence of payment by Seven Seventeen Credit Union. Appellant would have us believe that the credit union's deposit of the vehicle's title with the clerk of courts acted as a satisfaction of judgment. This act no more constitutes a satisfaction of judgment than the posting of a bond with the court.
For all the foregoing reasons we overrule Appellants' assignments of error and affirm the judgment of the trial court.
Cox, P.J., dissents; see dissenting opinion
Donofrio, J., concurs.