DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff Linda Ligman, appeals from the trial court's judgment in favor of Defendant, Realty One Corporation in the Summit County Court of Common Pleas. We affirm.
 {¶ 2} On November 22, 2005, this matter was tried to the bench on four separate claims: (1) breach of contract; (2) breach of fiduciary duty and obligation of good faith; and (3) violation of R.C. 1335.11. On December 15, 2005, the trial court issued Findings of Fact and Conclusions of Law in favor of Realty One on all claims. Ms. Ligman has timely appealed the trial court's finding and raises four assignments of error for review.
 ASSIGNMENT OF ERROR NO. 1
"The trial court erred when it failed to find that Appellee breached its contract with Appellant."
 {¶ 3} In her first assignment of error, Ligman argues that the trial court erred in granting judgment in favor of the Realty One on her breach of contract claim. We disagree.
 {¶ 4} Ms. Ligman asserts that Realty One breached a contract entitled Sales Associate Independent Contractor Agreement entered into by and between the parties on June 28, 1994 (the "Contract"), by failing to pay her commissions on the contract price of eight homes located on eight lots in Glencairn Forest, a residential housing development in Richfield, Ohio (the "Commissions"). Realty One asserts that the Commissions were not collectible from the homeowner or builder per the contract between the landowner and the homeowner that provided for the payment of the Commissions (the "Sublot Contracts") and that per the Contract, Ligman was only to be paid once commissions were collected by Realty One. The Contract also provides that the extent and nature of any collection efforts are solely within Realty One's discretion.
 {¶ 5} When reviewing a breach of contract action, "[c]ourts generally determine the existence of a contract as a matter of law." Applegate v. Northwest Title Co., 10th Dist. No. 03AP-855, 2004-Ohio-1465, at ¶ 9, citing Latina v. Woodpath Dev.Co. (1991), 57 Ohio St.3d 212, 214. Under a breach of contract claim, a plaintiff must demonstrate by a preponderance of the evidence that (1) a contract existed, (2) the plaintiff fulfilled his obligations, (3) the defendant failed to fulfill his obligations, and (4) damages resulted from this failure.Lawrence v. Lorain Cty. Community College (1998),127 Ohio App.3d 546, 548-49, 713 N.E.2d 478. That is, for the plaintiff to place the defendant in breach, the plaintiff must tender performance of his obligation and demand performance by the defendant of the reciprocal obligation. Restatement of the Law 2d, Contracts (1981), Section 238.
 {¶ 6} At trial, it was established that the parties entered into the Contract, which was admitted as Plaintiff's Exhibit A at Trial. The Contract reads in pertinent part:
"In no event shall Broker be liable to Sales Associate for any commission unless it shall have been collected from the party for whom the services were performed.
"In no event shall the broker be liable to the Sales Associate for any commissions unless the same shall have been actually received by the broker from (a) the party for whom the services were performed or (b) some other entity making a payment of said commission to the broker in [sic] behalf of the party for whom the service was performed." Contract at ¶ 6.
"Suit for commission shall be maintained only in the name of the Broker and it is solely the right of the Broker to take legal action as well as to settle, compromise or release any claim for commission." Contract at ¶ 8.
 {¶ 7} Ms. Ligman testified that she signed the Contract. She presented no evidence that any of the above provisions were unenforceable or not applicable. Per the plain terms of the Contract, it was solely within Realty One's discretion to determine what, if any, unpaid commissions might be due to Ms. Ligman and what, if any, efforts were to be made to collect said commissions. Realty One decided, after consultation with counsel, that it did not have any legal grounds to sue to recover the unpaid Commissions from the builder or the homeowner as there was no agreement binding the builder or homeowner to pay the Commissions to Realty One. Given this, the decision by Realty One to cease collection efforts is not arbitrary or unreasonable and was not a breach of its obligations under the Contract. Ligman's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 2
"The Trial Court erred when it failed to find that Appellee breached its fiduciary duty and failed to act in good faith."
 {¶ 8} Ligman's second assignment of error alleges that Realty One breached a fiduciary duty to Ligman and an obligation of good faith by telling her that it would attempt to collect the Commissions and then stopping its collection efforts. We disagree.
 {¶ 9} A fiduciary is one who, due to his own undertaking, has a duty to act "primarily for the benefit of another in matters connected with his undertaking." (Emphasis omitted.) Haluka v.Baker (1941), 66 Ohio App. 308, 312, 34 N.E.2d 68; Strock v.Pressnell (1988), 38 Ohio St.3d 207, 216, 527 N.E.2d 1235. To support a breach of fiduciary duty claim, a party must show the existence of a fiduciary relationship, failure to comply with a duty accorded that relationship, and damages proximately resulting from that failure. Strock, at 216. A fiduciary relationship may be created either formally, by contract, or informally. Culbertson v. Wigley Title Agency, Inc. (Feb. 13, 2002), 9th Dist. No. 20659, at *3. An informal relationship, however, cannot be unilateral, and occurs only where "both parties understand that a special trust or confidence has been reposed." Id., citing Umbaugh Pole Bldg. Co. v. Scott (1979),58 Ohio St.2d 282, 286, 390 N.E.2d 320. The burden of establishing the existence of a fiduciary relationship is on the party asserting it. RPM, Inc. v. Oatey Co., 9th Dist. Nos. 3282-M, 3289M, 2005-Ohio-1280, at ¶ 20.
 {¶ 10} There is nothing in the Contract that expressly gives rise to a fiduciary relationship and Ligman has not established that the parties jointly agreed to form such special relationship. Ligman failed to present the trial court with evidence tending to show that Realty One intended to create a fiduciary relationship by making such statements and Ligman cannot create such a relationship unilaterally. She has not established that Realty One's statements to Ligman related to its collection efforts established a de facto special relationship under Ohio law. The relationship between the parties is purely contractual and, as established above, Realty One acted in accordance with that Contract.
 {¶ 11} As to Ligman's assertion of a breach of the obligation of good faith, "[c]ourts often refer to the obligation of good faith that exists in every contractual relation, * * * [but] this is not an invitation to the court to decide whether one party ought to have exercised privileges expressly reserved in the document." Ed Schory Sons, Inc. v. Soc. Natl. Bank (1996),75 Ohio St.3d 433, 443, 662 N.E.2d 1074. A company that has negotiated a contract is entitled to enforce it without being charged for failure to comply with its obligation of good faith. Id. The Contract provided that Realty One could determine what, if any, efforts it would take to collect a commission and it reasonably determined that it could not collect the Commissions. Ligman's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 3
"The Trial Court erred when it failed to find that Appellee breached its fiduciary duty as a real estate professional."
 {¶ 12} Ligman asserts that Realty One violated R.C. 1335.11
and R.C. 4735.62, the latter of which creates a fiduciary relationship between the parties.
 {¶ 13} The trial court found that R.C. 1335.11 does not apply to a relationship between a sales representative and a broker and we agree. Ligman has provided no support for her proposition that R.C. 1335.11 applies to a relationship between a sales representative and a broker. Moreover, as noted by the trial court, even if this statue did apply to the set of facts at issue, Section 1335.11(B) clearly states that in the context of the payment of commission to a sales representative, a contract governing the payment of commission would control that determination. We have already stated our position relative to the payment of Commissions to Ligman pursuant to the Contract.
 {¶ 14} Ligman's assertions based on R.C. 4735.62 are equally without merit. This statute expressly deals with the fiduciary duties of a real estate broker in its representation of a client. Ligman has provided no support for her assertion that the requirements of R.C. 4735.62 can be analogized to the relationship between a sales representative and a broker. Moreover, even if the statute did apply, the express language of R.C. 4735.62 states that a broker has a duty to use his best efforts in "(B) [p]erforming the terms of any written agency agreement." We have already opined that Realty One's reliance on section eight of the Contract when it decided, based on legal advice, to refrain from any further collection efforts of the Commissions, was reasonable. Ligman's third assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 4
"The verdict is against the manifest weight of the evidence."
 {¶ 15} Ligman asserts that the trial court's judgment on Ligman's claims in favor of Realty One is against the manifest weight of the evidence.
 {¶ 16} Reversal on manifest weight grounds is reserved for the exceptional case in which the evidence proves that the "trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [decision] must be reversed."Stephenson v. Stephenson, 163 Ohio App.3d 109, 2005-Ohio-4358, ¶ 22, citing State v. Otten (1986), 33 Ohio App.3d 340,515 N.E.2d 1009. A finding is not against the manifest weight of the evidence merely because the fact-finder believed or disbelieved one side's evidence as opposed to the other side's evidence.Gugliotta v. Morano, 161 Ohio App.3d 152, 2005-Ohio-2570, ¶ 44.
This Court applies the same manifest weight analysis in both criminal and civil cases. Ray v. Vansickle (Oct. 14, 1998), 9th Dist. Nos. 97CA006897/97CA006907, at *1. This requires the appellate court to "review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way." Id.; Otten,
at paragraph one of the syllabus.
 {¶ 17} It is undisputed that the Contract was binding as to both parties. Section six of the Contract provides that Ligman would not be paid any commission until such time as Realty One collected from the party for whom the services were performed. It is undisputed that Realty One did not collect the Commissions. Section eight of the Contract provides Realty One with the sole right to take legal action as well as settle, compromise or release any claim.
 {¶ 18} Ms. Groom testified that Realty One decided not to pursue collection of the Commissions based on the advice of counsel that they had a poor legal basis for any claims against the builder or property owners for the payment of the Commissions. Ms. Ligman acknowledged the tentative nature of the Commissions when she signed the January 11, 2002 memo from Carla Groom, Plaintiff's Exhibit D. In support of Realty One's position relative to the uncollectible nature of the Commissions, Mike Marochino, Thomas Boggs and John Sinopoli testified that their companies, as builders, were not obliged to pay the Commissions based on the Sublot Agreements. Nor did any of their companies have an independent agreement with Realty One to do so.
 {¶ 19} Upon careful review of the testimony and evidence presented at trial, we hold that the court did not lose it way or act contrary to the manifest weight of the evidence in finding that Realty One did not breach the Contract or any fiduciary duty to Ligman by ultimately deciding not to pursue collection of the Commissions. Accordingly, Defendant's fourth assignment of error is overruled and the Judgment of the Summit County Court of Common Pleas is affirmed on all assignments of error.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, J. Concurs in judgment only