JUDGMENT: AFFIRMED
{¶ 1} Defendant-appellant, Domestic Uniform Rental ("Domestic"), appeals the decision of the trial court granting judgment for CafÉ Miami. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} On July 25, 2005, plaintiff-appellee, CafÉ Miami ("appellee"), filed a complaint in Cleveland Municipal Court, Small Claims Division, against Domestic, alleging the following:
 "Domestic Uniform Rentals, District Sales Manager, Steven Isacc [sic], came out in June, 2005 with a sales pitch for linen service for my cafÉ.
 "After weeks of no service or contact from the company, I contacted Domestic Uniforms about my service. Steve Isaac came out one [sic] again, and informed me my contract was misplaced and presented a new contract to sign.
 "After 2 days, Craig J. Vernotzy, Regional Service Manager, came in and made the 1st delivery on July 6, 2005. (Paid cash for the 1st delivery of $17.28) and said a driver will pick up every Wednesday of each week.
 "For 3 weeks no one from Domestic Uniforms picked up or delivered any merchandise. And in return the towels and nylon bag caused an odor in my cafÉ.
 "I [in turn] cleaned the towels myself.
 "I have asked the company to pick up the merchandise, they refused.
 "All conversations with Craig Vernotzy Steven Isaac were recorded on my security camera, in my cafÉ."[1]
 {¶ 3} Domestic filed its answer and counterclaim on August26, 2005, denying the allegations of appellee's complaint and asserting various affirmative defenses.
 {¶ 4} On October 7, 2005, a small claims trial was held before a magistrate in Cleveland Municipal Court. Appellee appeared pro se. Domestic appeared through counsel and submitted evidence of the agreement between the parties. Appellee submitted Domestic's advertising materials and a copy of the contract as evidence. No transcript of the proceeding was taken; however, the evidence submitted at the trial is part of the court's file.
 {¶ 5} The court issued a magistrate's decision with findings of fact and conclusions of law on January 23, 2006. The trial court entered its judgment the same day, finding for appellee and awarding damages in the amount of twenty-two hundred dollars. Domestic filed no objections to the magistrate's decision. Domestic now appeals the lower court's judgment entry dated January 23, 2006.
 {¶ 6} On June 15, 2005, CafÉ Miami, a restaurant owned by Larry Fields, entered into a contract with Domestic to provide laundry services for the restaurant. Later, Domestic said that they lost the original contract and required appellee to sign a second contract. Domestic is a linen service company that provides uniforms, linens, mops, mats, towel service and other services to companies.
 {¶ 7} Appellee called Domestic approximately two weeks before a July 14 party and placed an order for tablecloths and napkins for ten tables. This order was for a party with specific festive colors that were the national colors of Colombia, the customer's native country. Domestic did not deliver the napkins or tablecloths and did not respond until after the party.
 {¶ 8} Domestic acknowledged in court that they did not provide tablecloths or napkins. After the failure of the party, appellee was told by Domestic that if it wanted tablecloths or napkins, it would have to sign another contract. The parties agreed that the original written agreement did not require Domestic to deliver colored napkins or tablecloths to appellee. However, appellee testified at the small claims trial that it placed a call to Domestic requesting additional services, including colored tablecloths and napkins. The lower court found that "the contract does not prohibit the ordering of additional supplies as defendant's representative told plaintiff that he could increase his order with notice."
 {¶ 9} The court ultimately found that the additional services were covered under the rental agreement between the parties and that Domestic breached the contract by failing to provide the additional services.
 II {¶ 10} Appellant's assignment of error states the following: "The trial court erred as a matter of law by granting judgment to plaintiff on its complaint and on defendant's counterclaim."
 III {¶ 11} The essential elements of a cause of action for breach of contract are the existence of a contract; performance by the plaintiff; breach by the defendant; and resulting damage to the plaintiff.Powell v. Grant Med. Ctr., 148 Ohio App.3d 1, 10, 2002-Ohio-443,771 N.E.2d 874, quoting Nilavar v. Osborn (2000), 137 Ohio App.3d 469, 483,738 N.E.2d 1271. See, also, Nious v. Griffin Constr., Inc., Franklin App. No. 03AP-980, 2004-Ohio-4103.
 {¶ 12} When reviewing a breach of contract action, "[c]ourts generally determine the existence of a contract as a matter of law." Applegate v.Northwest Title Co., Franklin App. No. 03AP-855, 2004-Ohio-1465, at p. 9, citing Latina v. Woodpath Dev. Co. (1991), 57 Ohio St.3d 212, 214,567 N.E.2d 262. Under a breach of contract claim, a plaintiff must demonstrate by a preponderance of the evidence that (1) a contract existed, (2) the plaintiff fulfilled his obligations, (3) the defendant failed to fulfill his obligations, and (4) damages resulted from this failure. Lawrence v. Lorain Cty. Community College (1998),127 Ohio App.3d 546, 548-49, 713 N.E.2d 478. That is, for the plaintiff to place the defendant in breach, the plaintiff must tender performance of his obligation and demand performance by the defendant of the reciprocal obligation. Restatement of the Law 2d, Contracts (1981), Section 238.
 {¶ 13} The parties in the case at bar entered into a binding agreement. There was an offer by Domestic in the form of a written rental contract, acceptance of those terms by appellee, and consideration in the form of payment by appellee. It is the terms of this contract and their interpretation that are in dispute in this case.
 {¶ 14} In addition to the terms of the contract, Domestic provided certain explicit guarantees to its customers. Domestic provided a written customer satisfaction guarantee, submitted as plaintiff's exhibit 1. This guarantee provided the following:
 a. "Domestic Uniform Rental guarantees that each person in the program will receive all their laundered garments each week. Or we will deduct all weekly charges for the individual that week."
 b. "Domestic Uniform Rental guarantees that each order placed for additions, exchanges or replacements will arrive within 5 business days. Or we will deduct all weekly charges for the individual that week (special orders excluded)."
 c. "Domestic Uniform Rental guarantees that all repair and alteration requests will be completed, or satisfied with replacement garment, every week. Or we will deduct all weekly charges for the individual that week."
 d. "Domestic Uniform Rental guarantees that any garment in need of repair or replacement, due to normal wear and tear, will automatically be repaired or replaced. Or we will deduct all weekly charges for the individual that week."
 e. "Domestic Uniform Rental guarantees that all calls to our service desk will either be fulfilled at the time of the call or returned within 24 hours."
 {¶ 15} In addition to the guarantees above, both parties signed the previously mentioned rental agreement. The rental agreement provided additional subject matter and delivery terms. Appellee acknowledged in this agreement that it was under exclusive contract with Domestic and "ha[d] read the entire contract." Subsection number four of the agreement states the following:
 "The customer warrants that he is not under contract with any other party for the furnishing of the items which are the subject matter hereof. The customer also warrants that he has read the entire contract, front and back, and has received a copy of this agreement. The signatory for the customer warrants that he is authorized on behalf of the customer to execute this agreement."
Both parties signed and acknowledged the terms of the rental agreement. Accordingly, both parties were familiar with all of the terms and conditions contained in the contract.
 {¶ 16} Domestic argues that the lower court erred by allowing appellee to maintain an action in the name of a nonentity. We do not find merit in Domestic's argument. It could have raised this error at the trial court well before this appeal; however, it failed to do so. Accordingly, Domestic is deemed to have waived this argument.
 {¶ 17} Ordinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed. Nor do appellate courts have to consider an error which the complaining party could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. State ex rel. Quarto Mining Co. v. Foreman, 79 Ohio St.3d 78,1997-Ohio-71.
 {¶ 18} Domestic further argues that the lower court erred when it refused to consider evidence on the reverse side of the agreement. The standard for admission of evidence is well defined in Ohio. "The admission or exclusion of evidence rests within the sound discretion of the trial court." State v. Jacks (1989), 63 Ohio App.3d 200, 207,578 N.E.2d 512. Therefore, "an appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion." State v. Finnerty
(1989), 45 Ohio St.3d 104, 107, 543 N.E.2d 1233. A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. A reviewing court should not substitute its judgment for that of the trial court. See, generally, State v.Jenkins (1984), 15 Ohio St.3d 164, 15 Ohio B. 311, 473 N.E.2d 264.Finnerty, supra, at 107-108.
 {¶ 19} The admission or exclusion of evidence rests in the sound discretion of the trial court. The trial court's decision will not be disturbed unless the court abused its discretion and the complaining party was materially prejudiced by the decision. Columbus v. Taylor
(1988), 39 Ohio St.3d 162, 164-65, 529 N.E.2d 1382.
 {¶ 20} Based on the evidence in the record, we find the lower court's refusal to consider the reverse side of the agreement to be proper and do not find an abuse of discretion on the part of the trial court on this issue.
 {¶ 21} Domestic further argues that the court disregarded contract law by not finding appellee liable and by finding that an oral agreement existed. We find that the evidence demonstrates that a contract existed, the terms were well known by both parties, and appellee was not liable. Larry Fields signed for CafÉ Miami and Steven Isaac signed as district sales manager for Domestic.[2] Accordingly, the parties were aware of the terms of the agreement. Domestic presented no evidence that any of the provisions in the agreement were unenforceable or not applicable. Per the plain terms of the agreement, it was clearly within the purview of the parties to order additional or different products or services.
 {¶ 22} The terms of the contract did not prohibit the ordering of additional supplies. Domestic's representative told appellee that it could increase its order with notice. The evidence demonstrates that appellee increased its order and provided the proper notice following the terms of the agreement. Domestic violated the terms of the contract when it failed to deliver the napkins and tablecloths and did not respond to appellee's call until after the party. Accordingly, liability lies with Domestic and not appellee.
 {¶ 23} Domestic further argues that the terms of the oral agreement should not apply in this case. However, we disagree. The terms of an oral contract may be determined from words, deeds, acts, and silence of the parties. Kostelnik v. Helper, 96 Ohio St.3d 1, 2002-Ohio-2985. Moreover, it is common in this industry to make last minute adjustments before a party, and it is common practice in the industry to allow such changes by a customer.
 {¶ 24} Accordingly, we find Domestic's claims regarding appellee's liability and the oral agreement to be without merit.
 {¶ 25} Domestic claims the lower court erred in its valuation of appellee's damages. Again, we do not find merit in their argument. Appellee had to pay its employees seven dollars per hour, totaling approximately seventy-five dollars per person. Moreover, appellee had to pay the cost of the food, totaling sixteen hundred dollars. The total cost of the party was approximately twenty-two hundred dollars. This total comes from sixteen hundred dollars in out-of-pocket expenses for food and waitress help, plus a charge of six hundred dollars because the wife of the party recipient refused to pay appellee, because the national colors she requested were not represented. In addition, she felt the party was a failure because the food was displayed on bare countertops and looked unprofessional.[3]
 {¶ 26} Accordingly, we find the lower court's valuation of appellee's damages to be well founded.
 {¶ 27} In addition, we find the lower court's ruling regarding its judgment on the counterclaim in favor of appellee to be proper. The evidence demonstrates no abuse of discretion on the part of the lower court. Domestic failed to substantiate entitlement for lost profits, as it breached the contract by failing to continue to make deliveries or pick up its supplies. Moreover, Domestic failed to notify appellee of its inability to provide the requested colored napkins and tablecloths.
 {¶ 28} Accordingly, Domestic's assignment of error is overruled. We find that the trial court did not err as a matter of law by ruling in appellee's favor on the complaint and counterclaim.
[1] See appellee's small claims court complaint.
[2] See Domestic's Ex. 1.
[3] See magistrate's decision with findings of fact and conclusions of law.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J.*, CONCURS; COLLEEN CONWAY COONEY, CONCURS IN JUDGMENT ONLY WITH SEPARATE OPINION
* Sitting by Assignment: Judge Michael J. Corrigan, Retired, of the Eighth District Court of Appeals.