DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellants, James and Carol Followay ("the Followays"), appeal from the judgment of the Wayne County Court of Common Pleas which granted summary judgment in favor of appellee, Farmers State Bank ("FSB"), on the Followays' counterclaims. This Court affirms.
 I. {¶ 2} Beginning in the late 1960s and continuing thereafter, FSB loaned money to James and Carol Followay. In February 1985, a loan officer for FSB, Michael Flinner, requested that the Followays sign a promissory note which would consolidate their existing debts. The Followays complied with that request. On *Page 2 
March 9, 1986, the Followays signed a renewal note in an amount just over $250,000. This unsecured note required payments of $3,500 per month for three years and a balloon payment at the end of that term. In 1987, FSB requested and received security from the Followays for this note, including interests in two separate real property parcels and a Case loader. The Followays made a majority of scheduled payments under this note until late 1988. In November of that year, James Followay met with the president of FSB, Nelson Haggerty. According to James, the parties agreed that he would pay $400 per month on the loan until he died, became disabled, or retired. At the time of one of those events, the remainder of the loan would be forgiven. This modification was never reduced to writing.
 {¶ 3} In December 1988, the Followays began making payments of $400 per month under the note. In March 2004, James Followay notified FSB that he would no longer be paying under the note. On January 5, 2005, FSB filed suit against the Followays, seeking the balance remaining on the note including accrued interest, $301,713.02. The Followays answered the complaint raising numerous defenses and counterclaimed against FSB raising numerous causes of actions. Both parties moved for summary judgment. In its entry, the trial court granted FSB's motion with respect to the Followays' counterclaims and dismissed those claims. The trial court also granted summary judgment in FSB's favor on the affirmative defenses raised by the Followays. Finally, the trial court denied *Page 3 
FSB's motion for summary judgment on its complaint. On January 26, 2007, the trial court amended its order to include Civ.R. 54(B) language. The Followays timely appealed the trial court's judgment, raising four assignments of error for review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY ISSUING AN ORDER, SUA SPONTE, ENTERING SUMMARY JUDGMENT IN FAVOR OF THE NON-MOVING PARTY, THE APPELLEE, ON APPELLANTS' DEFENSES OF STATUTE OF LIMITATION, LACHES, WAIVER AND EQUITABLE ESTOPPEL."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN ISSUING AN ORDER, SUA SPONTE, ENTERING SUMMARY JUDGMENT IN FAVOR OF THE NON-MOVING PARTY, THE APPELLEE, ON APPELLANTS' DEFENSES AS COMPETENT, CREDIBLE EVIDENCE EXISTS IN THE RECORD DEMONSTRATING THE MERITS OF ALL OF THESE DEFENSES. ACCORDINGLY, THE DECISION OF THE TRIAL COURT ON THIS ASSIGNMENT OF ERROR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IS CONTRARY TO LAW, AND CONSTITUTES AN ABUSE OF DISCRETION."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT MADE AN INADVERTENT MISTAKE BY GRANTING SUMMARY JUDGMENT, SUA SPONTE, IN FAVOR OF THE NON-MOVING PARTY, THE APPELLEE, ON APPELLANTS' DEFENSES WHEN, IN FACT, THE TRIAL COURT INTENDED TO DENY APPELLANTS' MOTION FOR SUMMARY JUDGMENT CLAIMING ALL OF THE APPELLEE'S CLAIMS ARE BARRED BY THE DEFENSES OF *Page 4 
STATUTE OF LIMITATIONS, LACHES, WAIVE AND ESTOPPEL."
 {¶ 4} In their first three assignments of error, the Followays contend that the trial court erred in granting partial summary judgment in favor of FSB on the Followays' affirmative defenses. We lack jurisdiction to address these claimed errors.
 {¶ 5} This Court only has jurisdiction to review final, appealable orders. This involves a two-step inquiry in which we first determine whether the order is final within the meaning of R.C. 2505.02, then consider whether language in compliance with Civ.R. 54(B) is required.General Acc. Ins. Co. v. Ins. Co. of North America (1989),44 Ohio St.3d 17, 21. R.C. 2505.02(B)(1) provides that an order is final when it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" A substantial right is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).
 {¶ 6} In its entry, the trial court granted summary judgment on numerous affirmative defenses raised by the Followays. Granting judgment on these specific defenses does not determine the action, nor does it prevent judgment in favor of the Followays. Consequently, we find that the trial court's order as it relates to these defenses is not final and appealable. See State ex rel. Montgomery v. Shugarman (Dec. 4, 1995), 6th Dist. No. L-95-356 (noting that Civ.R. 54(B) could *Page 5 
not operate to make a judgment striking an affirmative defense final and appealable as the rule only applies to claims for relief).
 {¶ 7} This Court, therefore, does not have jurisdiction to address the Followays' first three assignments of error.
 ASSIGNMENT OF ERROR IV "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE AND AGAINST APPELLANTS ON ALL CLAIMS OF APPELLANTS SET FORTH IN THEIR COUNTERCLAIM. ACCORDINGLY, THE DECISION OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IS CONTRARY TO LAW, AND CONSTITUTES AN ABUSE OF DISCRETION."
 {¶ 8} In their fourth assignment of error, the Followays argue that the trial court erred in granting summary judgment against them on their numerous counterclaims. We disagree.
 {¶ 9} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 10} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is *Page 6 
made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 11} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
Breach of Contract {¶ 12} The Followays assert that the trial court's ruling is internally inconsistent. Specifically, the Followays assert that the trial court's conclusion that material issues of fact remain on FSB's breach of contract claim mandates the same conclusion as it relates to their breach of contract claim. This Court disagrees.
 {¶ 13} Generally, the elements for a breach of contract are that a plaintiff must demonstrate by a preponderance of the evidence (1) that a contract existed, (2) that the plaintiff fulfilled his obligations, (3) that the defendant failed to fulfill *Page 7 
his obligations, and (4) that damages resulted from this failure.Lawrence v. Lorain Cty. Community College (1998), 127 Ohio App.3d 546,548-49. In support of their arguments, the Followays argue that FSB is in breach of an oral agreement. Specifically, the Followays allege that James Followay orally modified the terms of the 1986 loan when he met with the then President of FSB, Nelson Haggerty.
 {¶ 14} Assuming, arguendo, that the 1986 loan was modified, the Followays' breach of contract claim must fail.[1] James Followay testified in his deposition that the modification permitted him to pay $400 per month until he died, became disabled, or retired. At that time, the remainder of the loan would be forgiven. Assuming those facts to be true, the Followays have not stated a claim for breach of contract. During his deposition, James Followay testified that he was still currently employed. Despite his continued employment, James stopped making payments on the loan. As a result, FSB filed suit against the Followays. Viewing this evidence in a light most favorable to the Followays, their claim fails for several reasons. First, the Followays failed to demonstrate that they had fulfilled their obligations under the modification. By James' own testimony, he was required to pay $400 until certain conditions were met. None of those conditions were met. While James stated that he had reached retirement age, he *Page 8 
unequivocally testified that he had not retired. Consequently, under the terms of the modification that James' alleged occurred, he was still obligated to pay $400 under the note. As the Followays did not comply with their obligations under this alleged modification, FSB had no obligation to forgive the remainder of the loan. FSB's filing of the underlying complaint to collect the balance of the loan, therefore, cannot be construed as a breach of the modified agreement. The trial court, therefore, did not err in granting summary judgment on the Followays' claim for breach of contract.
Breach of Fiduciary Duty {¶ 15} "A `fiduciary relationship' is one in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." In re Termination of Emp. of Pratt (1974),40 Ohio St.2d 107, 115. A debtor-and-creditor relationship does not generally create a fiduciary relationship. See Umbaugh Pole Bldg. Co.,Inc. v. Scott (1979), 58 Ohio St.2d 282. Moreover, "[a] bank dealing at arm's length with a prospective borrower does not have a fiduciary duty to that prospective borrower unless special circumstances exist."Groob v. KeyBank, 108 Ohio St.3d 348, 2006-Ohio-1189, at paragraph one of the syllabus. At the time of these proceedings, R.C. 1109.15(D)[2]
provided as follows: *Page 9 
 "Unless otherwise expressly agreed in writing, the relationship between a bank and its obligor, with respect to any extension of credit, is that of a creditor and debtor, and creates no fiduciary or other relationship between the parties."
 {¶ 16} The Followays have not alleged that R.C. 1109.15(D) was complied with and that a written agreement exists to support the existence of a fiduciary duty. Furthermore, James testified that he received numerous loans from no less than four banks throughout the duration of his numerous businesses. While James worked closely with FSB employees and was a partner in several business ventures with Michael Flinner,[3] his loan officer, this does not generate a fiduciary duty in the context of the loans given by FSB. See Umbaugh,58 Ohio St.2d at 287 ("While the advice was given in a congenial atmosphere and in a sincere effort to help the [the debtor] prosper, nevertheless, the advice was given by an institutional lender in a commercial context in which the parties dealt at arms length, each protecting his own interest."). Consequently, the Followays' did not provide evidence of the existence of a fiduciary duty. The trial court, therefore,
did not err in granting FSB summary judgment on the Followay's breach of fiduciary duty claim.
Fraud, Willful and Wanton Misconduct, and NegligentMisrepresentation *Page 10 {¶ 17} Both fraud and negligent misrepresentation require the Followays to demonstrate that FSB provided them with false information upon which the Followays relied to their detriment. See Delman v.Cleveland Hts. (1989), 41 Ohio St.3d 1, 4 (detailing the elements of negligent misrepresentation); Cohen v. Lamko, Inc. (1984),10 Ohio St.3d 167, 169 (detailing the elements of fraud). At no point in these proceedings have the Followays identified any false statements made by anyone at FSB. Reviewing the Followays' brief, it is difficult to ascertain even the period of time in which they allege that false statements were made by FSB through its agents. As the Followays failed to present evidence of any false statements made by FSB, their claims for fraud and negligent misrepresentation fail as a matter of law.
 {¶ 18} Having provided no evidence of any misconduct by FSB or its agents, the Followays' claim of willful and wanton misconduct must also fail.
 {¶ 19} The Followays' fourth assignment of error lacks merit.
 III. {¶ 20} This Court lacks jurisdiction to address the Followays' first three assignments of error and therefore declines to address them. The Followays' fourth assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
 Judgment affirmed. *Page 11 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. Costs taxed to appellants.
WHITMORE, P. J. DICKINSON, J. CONCUR
[1] As our analysis finds no genuine issue of fact exists, we do not reach the issue of whether a modification legally occurred.
[2] 2006 H 454 moved this language to subsection E.
[3] This Court has found no authority to suggest that James Followay's personal, business relationship with an FSB employee outside the scope of his employment could serve to create a fiduciary duty. *Page 1