OPINION
{¶ 1} Defendant-appellant, Griffin Construction, Inc. ("Griffin Inc."), appeals from the judgment of the Franklin County Court of Common Pleas granting a directed verdict in favor of plaintiff-appellee, Anidra Nious. For the following reasons, we affirm.
 {¶ 2} In early 2002, Ms. Nious began searching for a builder to construct a custom home for her. During this search, Ms. Nious met with James Griffin, president of Griffin Inc. Mr. Griffin helped Ms. Nious settle upon a house plan and find a lot on which to the build the house.
 {¶ 3} On April 8, 2002, Griffin Inc. and Ms. Nious entered into a contract entitled "Real Estate Purchase Agreement for Construction, Purchase and Sale of a Home on Lot Owned by Builder" ("Purchase Agreement"). Under the Purchase Agreement, Griffin Inc. agreed to build a house according to the plans Ms. Nious had selected on Lot #53 in the Founders Ridge subdivision. As compensation for the construction of the house, Ms. Nious agreed to pay Griffin Inc. $232,815 which included an $11,640.75 deposit. Further, the Purchase Agreement provided that Griffin Inc. would "inform and/or discuss any deviations from the approved plan with [Ms. Nious] prior to undertaking such deviations" and that Ms. Nious would "have the right to reject such deviations * * *."[1]
 {¶ 4} After the parties entered into the Purchase Agreement, Mr. Griffin sought approval of the house blueprints from George Parker, a representative of the Founders Ridge Home Owners Association ("Association"). Pursuant to the Founders Ridge Restrictions, "[n]o building [could] be erected and construction [could] not commence unless the plans [had] written approval of" the Association. Thus, Griffin Inc. could not build Ms. Nious' house on Lot #53 unless the blueprints received Mr. Parker's approval.
 {¶ 5} On May 15, 2002, Mr. Griffin finalized Griffin Inc.'s purchase of Lot #53. Immediately after the closing, Mr. Parker told Mr. Griffin that he would not approve the construction of Ms. Nious' house in the Founders Ridge subdivision unless certain changes were made to the blueprints. Specifically, Mr. Parker required the addition of a bay window and a box chimney to the house.
 {¶ 6} Mr. Griffin telephoned Ms. Nious and informed her of the required changes. Ms. Nious responded that she did not want a bay window or a box chimney added to her house, but she agreed to meet with Mr. Griffin to discuss the changes further.
 {¶ 7} On May 19, 2002, Ms. Nious, her attorney, and a friend of Ms. Nious met with Mr. Griffin. During this meeting, Mr. Griffin showed Ms. Nious the altered blueprints and they discussed the changes Mr. Parker required. Ms. Nious, however, refused to approve any deviation from the blueprints. At the end of the meeting, Ms. Nious' attorney handed Mr. Griffin a letter stating that Ms. Nious considered the Purchase Agreement void given Griffin Inc.'s inability to build Ms. Nious the custom house she wanted. The letter also included a request that Griffin Inc. supply Ms. Nious with a copy of the blueprints and refund the $11,640.75 deposit, less the cost of purchasing the blueprints.
 {¶ 8} Through his attorney, Mr. Griffin informed Ms. Nious that Griffin Inc. would not refund her deposit, but he offered to construct the bay window and box chimney at no cost to Ms. Nious. Ms. Nious, however, rejected this offer and again demanded a refund. Mr. Griffin then told Ms. Nious that he believed she had breached the Purchase Agreement and, thus, he claimed Griffin Inc. was entitled to retain the deposit.
 {¶ 9} On August 2, 2002, Ms. Nious filed a complaint against Griffin Inc., in which she alleged Griffin Inc. breached the Purchase Agreement, and she requested the return of her $11,640.75 deposit. On September 25, 2002, Griffin Inc. filed a counterclaim for breach of contract against Ms. Nious. In this counterclaim, Griffin Inc. asserted that Ms. Nious breached the Purchase Agreement when she declared the Purchase Agreement was void and refused to perform in accordance with its terms.
 {¶ 10} A jury trial began on August 26, 2003. After Ms. Nious and Mr. Griffin testified, Ms. Nious moved for a directed verdict. In granting this motion, the trial court determined that reasonable minds could only conclude that Griffin Inc. breached the Purchase Agreement and awarded Ms. Nious $11,640.75 in damages. Further, the trial court held that all of the evidence supported the conclusion that Griffin Inc.'s breach of the Purchase Agreement was material and, thus, the court found for Ms. Nious on Griffin Inc.'s counterclaim and held that the Purchase Agreement was void.
 {¶ 11} On September 3, 2003, the trial court entered judgment for Ms. Nious on both her breach of contract claim and Griffin Inc.'s breach of contract counterclaim. Griffin Inc. then appealed the judgment.
 {¶ 12} On appeal, Griffin Inc. assigns the following errors:
I. The Franklin County Common Pleas Court erred when it entered a directed verdict in favor of plaintiff-appellee and against defendant-appellant as factual issues exist that reasonable minds could differ upon and such a finding by the court violates Ohio Civil Rule 50(A)(4).
II. The Franklin County Common Pleas Court erred when it refused to provide a jury instruction relating to defendant-appellant's contract damages as prescribed by the contract by and between the parties.
 {¶ 13} Pursuant to Civ.R. 50(A), "a motion for directed verdict is granted if, after construing the evidence most strongly in favor of the party against whom the motion is directed, `reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party.'" Goodyear Tire Rubber Co. v. Aetna Cas. Surety Co.,95 Ohio St.3d 512, 2002-Ohio-2842, at ¶ 3, quoting Civ.R. 50(A)(4). Although this analysis requires a court to review and consider the evidence, a motion for directed verdict presents a question of law because a court must examine the sufficiency of the evidence, not weigh the evidence or try the credibility of the witnesses. Wagner v. Roche Laboratories (1996),77 Ohio St.3d 116, 119. See, also, Malone v. Courtyard by Marriott L.P.
(1996), 74 Ohio St.3d 440, 445 ("[T]he court is confronted solely with a question of law: Was there sufficient material evidence presented at trial on this issue to create a factual question for the jury?"). As a motion for directed verdict presents a question of law, an appellate court applies the de novo standard of review. Goodyear Tire Rubber Co., supra, at ¶ 4.
 {¶ 14} By its first assignment of error, Griffin Inc. argues that an issue of fact remains unresolved regarding whether it "materially" breached the Purchase Agreement. Griffin Inc. maintains that it can only be liable for breach of contract if it breached a "material" element of the Purchase Agreement. We disagree.
 {¶ 15} To recover upon a breach of contract claim, a plaintiff must prove "`the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.'" Powell v. Grant Med. Ctr. (2002),148 Ohio App.3d 1, 10, quoting Nilavar v. Osborn
(2000), 137 Ohio App.3d 469, 483. See, also, Doner v.Snapp (1994), 98 Ohio App.3d 597, 600. In order to prove a "breach by the defendant," a plaintiff must show only that the defendant "did not perform one or more of the terms of a contract." Little Eagle Prop. v. Ryan, Franklin App. No. 03AP-923, 2004-Ohio-3830, at ¶ 15. Accordingly, to prove a simple breach, a plaintiff is not required to prove that the defendant failed to perform a "material" term of a contract.
 {¶ 16} Indeed, the concept of "material" breach is only relevant when a plaintiff stops performing because of a defendant's breach. If a defendant fails to perform an essential or "material" element of a contract, not only can it be liable for damages, but it also excuses the plaintiff from any further performance. See Bd. of Commrs. of Clermont Cty. v. Village ofBatavia (Feb. 26, 2001), Clermont App. No. CA2000-06-039;Software Clearing House, Inc. v. Intrak, Inc. (1990),66 Ohio App.3d 163, 170-171. In other words, only a "material" breach entitles a plaintiff to stop performing, which, in essence, terminates the contract. Kersh v. Montgomery Dev. Ctr. (1987),35 Ohio App.3d 61, 62-63. See, also, Shanker v. ColumbusWarehouse Ltd. Partnership (June 6, 2000), Franklin App. No. 99AP-772 ("Even if plaintiffs * * * breached the agreement, defendant's non-performance is not excused unless plaintiff's breach was material"); Sun Design Sys., Inc. v. Tirey (Apr. 19, 1996), Miami App. No. 95-CA-46 ("It is well-established that a `material breach of contract by one party generally discharges the non-breaching party from performance of the contract'").
 {¶ 17} Whether Griffin Inc.'s breach was "material" was an issue in this case because Ms. Nious declared the Purchase Agreement void and stopped her performance. Griffin Inc. used Ms. Nious' nonperformance as a basis for its breach of contract counterclaim. However, because the trial court concluded that Griffin Inc.'s breach was "material," Ms. Nious was excused from any further performance. Thus, Ms. Nious' nonperformance did not constitute a breach, and she was not liable for Griffin Inc.'s breach of contract counterclaim.
 {¶ 18} As Griffin Inc. does not challenge the trial court's ruling upon its counterclaim in this appeal, whether or not its breach was material is irrelevant. With regard to Ms. Nious' breach of contract claim, Mr. Griffin testified that he did not honor Ms. Nious' right to reject the two deviations from the blueprints. Therefore, reasonable minds could only conclude that Griffin Inc. breached the Purchase Agreement and, thus, the trial court properly granted directed verdict in Ms. Nious' favor on her breach of contract claim.
 {¶ 19} Accordingly, we overrule Griffin Inc.'s first assignment of error.
 {¶ 20} By Griffin Inc.'s second assignment of error, it argues that the trial court erred when it refused to instruct the jury regarding liquidated damages. As the trial court never made any rulings regarding jury instructions, this argument is not ripe for our review. Additionally, even if this argument was ripe, our conclusion that the trial court properly granted a directed verdict in Ms. Nious' favor makes the argument moot. Accordingly, we overrule Griffin Inc.'s second assignment of error.
 {¶ 21} For the foregoing reasons, we overrule Griffin Inc.'s assignments of errors and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bryant and Watson, JJ., concur.
[1] This provision also included two exceptions to Ms. Nious' right to reject, neither of which are relevant here.