[Cite as *Paeonian Ents., L.L.C. v. Fitworks Holding, L.L.C.*, 2026-Ohio-379.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| PAEONIAN ENTERPRISES, LLC, | : | APPEAL NO. | C-250058 |
| | | TRIAL NO. | A-2004579 |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| | | *JUDGMENT ENTRY* | |
| FITWORKS HOLDING, LLC, | : | | |
| Defendant-Appellant. | : | | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 2/6/2026 per order of the court.**

**By:**_____
        **Administrative Judge**

[Cite as *Paeonian Ents., L.L.C. v. Fitworks Holding, L.L.C.*, 2026-Ohio-379.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| PAEONIAN ENTERPRISES, LLC, | : | APPEAL NO. | C-250058 |
| | | TRIAL NO. | A-2004579 |
| Plaintiff-Appellee, | : | | |
| | | | |
| vs. | : | | |
| | | *O P I N I O N* | |
| FITWORKS HOLDING, LLC, | : | | |
| | | | |
| Defendant-Appellant. | : | | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: February 6, 2026

*Strauss Troy Co., LPA, Ryan F. Hemmerle* and *Robert R. Sparks*, for Plaintiff-Appellee,

*Law Office of John R. Christie, LLC* and *John R. Christie*, for Defendant-Appellant.

**KINSLEY, Presiding Judge.**

{¶1}    This is an appeal from an award of summary judgment to a commercial landlord in an action to recover damages for breach of lease.  The tenant, defendant-appellant Fitworks Holding, LLC ("Fitworks"), assigns three errors to the trial court's decision awarding summary judgment.  First, Fitworks claims the trial court should have granted summary judgment in its favor on its counterclaim for breach of contract.  Second, Fitworks contends that plaintiff-appellee Paeonian Enterprises, LLC ("Paeonian") was not entitled to judgment as a matter of law.  Third, Fitworks alleges that the trial court abused its discretion in giving Paeonian extra time to file its summary judgment motion.  For the reasons that follow, we affirm the judgment of the trial court.

### *Factual and Procedural History*

{¶2}    On October 10, 2000, Fitworks entered into a contract with Paeonian's predecessor in interest, Ilia, Inc., to lease commercial real estate space on Cheviot Road ("the premises").  Fitworks established the White Oak location of its gym franchise at the premises.  The initial term of the lease was ten years.  After that, Fitworks had the option to extend the lease four times in five-year increments.  Rent was initially set at $8 per square foot during the first years of tenancy and gradually increased to $16 per square foot.

{¶3}    On June 17, 2014, Ilia transferred ownership of the premises to Paeonian.  Paeonian notified Fitworks of the change in ownership by letter dated June 18, 2015 and directed that all future rent payments be made to it.

{¶4}    By mid-2019, Fitworks began experiencing financial difficulties.  A representative from the company approached an agent of Paeonian to request a rent reduction or abatement.  Negotiations ensued, and, ultimately, in November of 2019,

3

the parties executed an addendum to the lease.

{¶5} The addendum altered several terms of the parties' rental agreement. For one, it set forth a two-year modified rent schedule under which Fitworks would pay reduced rent. Fitworks also retained the option to buy out of the lease before it expired by giving notice to Paeonian by September 30, 2020 and paying $10,000. In exchange for these concessions, Paeonian received an interest in Fitworks' gym equipment and memberships. If Fitworks exercised the buyout or otherwise closed the location during the two-year addendum period, Fitworks could either leave its equipment and transfer its members to an entity controlled by Paeonian, or it could pay Paeonian a monthly rate of $3,995 for these items. All other terms and conditions of the lease not expressly modified by the addendum remained in effect.

{¶6} After the addendum was executed, Fitworks continued to pay rent as provided in the addendum's rent schedule through March 2020. However, on April 6, 2020, Fitworks informed Paeonian that it was closing the White Oak location due to COVID-19 restrictions. Fitworks expressed a desire to renegotiate its options with Paeonian, but it did not pay rent to Paeonian from April 2020 forward.

{¶7} On June 10, 2020, Fitworks delivered a letter to Paeonian expressing its intention to terminate the lease effective September 30, 2020. But Fitworks did not submit the required $10,000 early buyout payment. Nonetheless, in the months that followed, the two companies attempted to negotiate alternative lease buyout options. The parties were ultimately unable to reach an agreement.

{¶8} Even though it was not paying rent, Fitworks continued to occupy the premises up to and after September 30, 2020, during which time the gym was open and collecting fees from its members. On October 21, 2020, Paeonian notified Fitworks in writing that it did not consent to Fitworks' continued possession of the

premises. One month later, on November 20, 2020, Paeonian submitted written notice to Fitworks to leave the premises within three days due to nonpayment of rent. Fitworks vacated the premises on November 24, 2020, taking its gym equipment and membership lists with it.

{¶9} On December 30, 2020, Paeonian sued Fitworks for breach of lease, seeking past-due rent and other damages in the amount of $166,503.60 as well as reasonable attorney fees and court costs. Fitworks answered and asserted counterclaims for breach of agreement and tortious interference.

{¶10} The parties filed cross-motions for summary judgment. In an entry dated September 17, 2024, the trial court denied Fitworks' summary judgment motion and granted summary judgment to Paeonian on all claims, including Fitworks' counterclaims. Paeonian thereafter filed a motion for attorney fees. Following a hearing, the trial court awarded Paeonian liquidated damages in the amount of $166,503.60 and attorney fees in the amount of $26,431.50. Fitworks timely appealed.

## *Analysis*

{¶11} Fitworks raises three assignments of error on appeal, but we only address two of them here.

{¶12} In its first assignment, Fitworks challenges the trial court's denial of its summary judgment motion. Fitworks did not separately brief this assignment of error in its appellate brief, and at oral argument, Fitworks' counsel indicated that it intended to abandon the claim. We accordingly do not address Fitworks' first assignment of error, as Fitworks voluntarily abandoned it. *See, e.g.*, *Murphy v. Murphy*, 2012-Ohio-793, ¶ 6 (9th Dist.); App.R. 16(A)(7).

{¶13} Fitworks' second and third assignments of error both challenge the trial

5

court's decision granting summary judgment to Paeonian. In its second assignment of error, Fitworks maintains that the trial court erred in granting Paeonian's cross-motion for summary judgment. In its third assignment of error, Fitworks challenges the trial court's order granting Paeonian leave to file its cross-motion for summary judgment after Fitworks' summary judgment motion was filed and briefed. We address the third assignment first.

### A. *The Timing of Paeonian's Motion*

**{¶14}** In its third assignment of error, Fitworks takes issue with the timing of Paeonian's summary judgment motion, which was filed after Fitworks submitted its summary judgment motion. Fitworks contends that the trial court gave Paeonian a competitive advantage by allowing it to file its motion later, rather than at the same time as Fitworks', as the trial court's scheduling order initially contemplated. We review the trial court's handling of scheduling matters for an abuse of discretion. *Morrison v. Walters*, 2023-Ohio-2887, ¶ 7 (1st Dist.).

**{¶15}** Fitworks' summary judgment motion was fully briefed as of March 11, 2024. After that date, on April 5, 2024, a new attorney appeared for Paeonian. A short time later, Paeonian's new counsel sought an additional 90 days to conduct limited discovery and to file a dispositive motion on Paeonian's behalf. The motion represented that Paeonian's previous attorney had been gravely ill and that an attorney who had worked on the case in the interim never formally appeared. The trial court granted Paeonian's request over Fitworks' objection. In so doing, the trial court relied on caselaw recognizing its inherent authority to control its docket and manage cases "to effect just results." *See Hamilton v. Ohio Savings Bank*, 82 Ohio St.3d 67, 70 (1998); *Jones v. Murphy*, 12 Ohio St.3d 84, 87 (1984).

**{¶16}** We find no abuse of discretion in this decision. Trial courts enjoy broad

discretion in managing their dockets, including allowing a party extra time to file a document or granting leave to file an untimely motion. *See, e.g., State v. Maynard*, 2023-Ohio-4619, ¶ 22 (1st Dist.); *Sonis v. Rasner*, 2015-Ohio-3028, ¶ 40 (8th Dist.); *Capital One Bank (USA) N.A. v. Ryan*, 2014-Ohio-3932, ¶ 30 (10th Dist.). While the matter had been pending for years at the time of Paeonian's request, it sought a short extension based on the serious illness of its previous attorney and the recent appearance of its new attorney. And Paeonian's counsel represented that the matter could be resolved without a trial if it had a little more time to file its dispositive motion. That representation turned out to be right.

{¶17} Under these circumstances, it was not unreasonable for the trial court to give Paeonian a short extension to file for summary judgment. *See, e.g., Brinkman v. Toledo*, 81 Ohio App.3d 429, 432 (6th Dist. 1992) (holding no abuse of discretion where trial court granted leave for party to file motion for summary judgment five weeks after deadline had passed but more than six weeks before scheduled trial date). We overrule Fitworks' third assignment of error.

### B. Summary Judgment

{¶18} In its second assignment of error, Fitworks argues that the trial court erred in awarding summary judgment to Paeonian on its breach of lease claim and on Fitworks' counterclaim for breach of contract. We review a trial court's summary judgment decision de novo. *Collett v. Sharkey*, 2021-Ohio-2823, ¶ 8 (1st Dist.), citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶19} Summary judgment is proper under Civ.R. 56(C) where (1) no genuine issues of material fact remain to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) construing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion that is adverse

to the nonmoving party. *Al Neyer, LLC v. Westfield Ins. Co.*, 2020-Ohio-5417, ¶ 14 (1st Dist.). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the record that convey specific facts demonstrating its entitlement to summary judgment. *Id.* at ¶ 15. If the moving party meets its burden, summary judgment is appropriate only if the nonmoving party fails to meet its reciprocal burden to put forth specific facts establishing the existence of a genuine issue of material fact for trial. *Id.*

{¶20} Paeonian sued Fitworks for breach of lease. A successful claim for breach of lease requires (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach. *DATFT LLC v. AM Reflections Cleaning Servs. LLC*, 2023-Ohio-1348, ¶ 19 (1st Dist.), quoting *Blue Ash Auto Body, Inc. v. Grange Property & Cas. Ins. Co.*, 2022-Ohio-4599, ¶ 10 (1st Dist.).

{¶21} The parties do not dispute that Fitworks and Paeonian maintained a valid lease for the premises and that the rent schedule was modified by the addendum. Nor is there any dispute that Fitworks stopped paying rent after April 2020 but continued to occupy the premises until November 24, 2020. Fitworks accordingly breached the lease. *See, e.g., Below Clearance, LLC v. Refugee Rd., LTD*, 2006-Ohio-6562, ¶ 57-58 (5th Dist.) (holding that the trial court did not abuse its discretion in adopting magistrate's findings that tenant's obligation to pay rent was an essential purpose of the lease and tenant's failure to pay rent constitutes a material breach).

{¶22} The record establishes that Paeonian was damaged by Fitworks' failure to pay rent. Even without any additional evidence, the addendum sets forth the rent schedule and the amount of rent Fitworks owed for the period of nonpayment.[1] But

---

[1] While we may have concerns about the manner in which the trial court calculated damages for

Paeonian also submitted the affidavit of one of its agents, who attested to the financial loss the company suffered as a result of Fitworks' conduct.

**{¶23}** Paeonian therefore established that it was entitled to judgment as a matter of law on its breach of lease claim. No genuine dispute of material fact existed as to any of the elements of that cause of action, nor did Fitworks submit any evidence to rebut Paeonian's claim. We accordingly agree with the trial court that Paeonian was entitled to summary judgment on its cause of action against Fitworks.

**{¶24}** As to Fitworks' counterclaim for breach of contract, the trial court's award of summary judgment to Paeonian was also correct.[2] Fitworks presented no evidence to establish that Paeonian breached any term of the lease.

**{¶25}** In arguing otherwise, Fitworks makes much of the fact that it attempted to exercise the early buyout option outlined in the addendum. But that does not excuse its breach, for two reasons. First, Fitworks breached the lease by not paying rent as of April 2020, and the buyout, if exercised, would not have been valid until September 30, 2020. The buyout therefore did not negate Fitworks' unpaid rent for May, June, July, and August of 2020. Second, per the clear terms of the addendum, Fitworks could only exercise the buyout by giving notice *and* paying $10,000. It never made the payment, so it never triggered the buyout clause.

**{¶26}** Fitworks also argues that Paeonian breached the addendum by not working with it to establish new terms after the COVID-19 pandemic hampered Fitworks' business. We do not read the addendum to impose any obligation on Paeonian in this regard. Moreover, because Fitworks breached the lease first by failing

---

items other than rent—including the $3,995 monthly equipment and membership fee discussed in the addendum—Fitworks did not assign error to the trial court's damages award. We accordingly do not review the amount of the damages Paeonian recovered.

[2] Fitworks did not appeal the trial court's decision awarding summary judgment to Paeonian on its tortious interference counterclaim.

to pay rent, its failure to substantially perform under the contract rendered it unable to maintain a breach of contract claim against Paeonian. *See Nious v. Griffin Constr.*, 2004-Ohio-4103, ¶ 16 (10th Dist.). Fitworks' second assignment of error is overruled.

### *Conclusion*

**{¶27}** Fitworks failed to pay rent and breached its lease with Paeonian. Once that occurred, Paeonian owed no duty of performance to Fitworks. We overrule Fitworks' second and third assignments of error, do not address the first, and affirm the judgment of the trial court.

Judgment affirmed.

**CROUSE** and **BOCK, JJ.,** concur.